UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

SHERRY TOWERS,

      Plaintiff,

 -against-

STATE UNIVERSITY OF NEW YORK AT STONY BROOK, and THE RESEARCH FOUNDATION OF THE STATE UNIVERSITY OF NEW YORK AT STONY BROOK,

      Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. CV-04-5243 (FB) (RML)

*Appearances*

*For the Plaintiff:*
ROBERT M. ROSEN, ESQ.
JENNIFER ANN WYNNE, ESQ
MATTHEW SCOTT PORGES, ESQ.
Leeds, Morrelli & Brown, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514

*For Defendant State University of New York at Stony Brook*:
CLEMENT J. COLUCCI, ESQ.
Assistant Attorney General
120 Broadway
New York, NY 10271

*For Defendant Research Foundation of State University of New York at Stony Brook*:
MICHAEL J. D'ANGELO, ESQ.
REBECCA R. EMBRY, ESQ.
Landman, Corsi, Ballaine & Ford, P.C.
120 Broadway, 27th Floor
New York, NY 11271

**BLOCK, Senior District Judge:**

   Plaintiff Sherry Towers ("Towers"), a former postdoctoral research associate in physics, sues the State University of New York at Stony Brook ("SUNY") and the Research Foundation of SUNY ("Research Foundation") (collectively, "defendants") for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"); the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"); Title IX of the Civil Rights Act of 1964, 28 U.S.C. § 1681, *et seq*. ("Title IX"); the Family and Medical Leave Act, 29 U.S.C. § 2615(a) ("FLMA"); and

New York State Executive Law § 296 ("NYHRL").[1] Both defendants move to dismiss the Title VII, Title IX, and state law claims pursuant to Federal Rule of Civil Procedure 12(b)(6). SUNY also seeks dismissal of the state law claims pursuant to Rule 12(b)(1) on the grounds of Eleventh Amendment Immunity. The Research Foundation also seeks dismissal of the Title VII claim pursuant to Rule 12(b)(1) and the FLSA claim pursuant to Rule 12(b)(6).[2] For the reasons stated in open court on May 16, 2007, and summarized below, the motion is granted in part and denied in part.

## Title VII

### A.

Towers claims that she was discriminated against because of her status as a pregnant woman and mother, in violation of Title VII. Specifically, she alleges that she was given a poor recommendation, denied maternity leave, assigned an unmanageable workload and threatened with adverse consequences if she did not complete that work (namely, that she would be denied a recommendation for a tenure position and subjected to a pay-cut), compelled to accept a pay-cut, and denied the renewal of her postdoctoral research contract. These allegations state a claim for discrimination under Title VII. *See Back v. Hastings on Hudson Union Free School District*, 365 F. 3d 107, 113 (2d Cir. 2004) (adverse employment decisions based upon the gender-based

---

[1]Towers also brought a claim under the Illinois Human Rights Law § 1-102, which has been withdrawn. *See* Mem. of Law in Opp. to SUNY's Mot. to Dismiss, at 16 ("[P]laintiff has already consented to withdrawing her Illinois state law claims.").

[2]The Research Foundation also seeks dismissal of the entire complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for failure to serve the summons and complaint on the Research Foundation within 120 days of its filing as required under Federal Rule of Civil Procedure 4(m); since dismissal of the complaint would bar refiling because the statute of limitations has run, the motion is denied. *See Hollomon v. City of New York*, 2006 WL 2135800, at *3 (E.D.N.Y. July 31, 2006) (in determining whether to extend the 120 day period, the district court may consider whether the applicable statute of limitations would bar the refiled action).

stereotype about mothers is unlawful "gender-plus" discrimination.); *Infante v. Ambac Financial Group*, 2006 WL 44172, at * 4--5 (S.D.N.Y. Jan. 5, 2006) (protected class includes women who suffer adverse action because they are pregnant.). That Towers' male supervisor may have had a short paternity leave does not, as SUNY's contends, defeat Towers' claim. *See Back,* 365 F. 3d at 121 (In determining whether an employee has been discriminated against on the basis of sex, "courts have consistently emphasized that the ultimate issue is the reasons for the individual plaintiff's treatment, not the relative treatment of different groups within the workplace.").

**B.**

With the exception of the poor recommendation letter and the denial of maternity leave, Towers' Title VII claims are timely: Title VII claims are barred by the statute of limitations if they are based on events that occurred more than 300 days prior to the filing of an EEOC charge. *See* 42 U.S.C. § 2000e-5(e)(1). Towers filed her EEOC charge on April 7, 2004. Unlawful discrimination acts that occurred earlier than 300 days before that date – that is, prior to June 12, 2003 – are therefore time-barred, unless they are part of a hostile work environment and at least one act contributing to the hostile work environment occurred within the limitations period. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the [hostile work environment] claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.").

The pay-cut and denial of Towers' contract extension occurred subsequent to June 12, 2003 – September 2003 and March 2004 respectively – and are thus timely. By contrast, the poor recommendation letter and the denial of maternity leave, which are discrete discriminatory acts, occurred prior to June 12, 2003 – in February and May 2003, respectively– and are thus untimely. *See Morgan*, 536 U.S. at 113 (each discrete "discriminatory act starts a new clock for filing charges

3

alleging that act."); *see also Elmenayer v. ABF Freight System, Inc.*, 318 F.3d 130, 134-135 (2d Cir. 2003) (the denial of a scheduling accommodation "is a single completed [adverse employment] action when taken."); *Sarno v. Douglass Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155 (2d Cir. 1999) (neutral recommendation leading to plaintiff not being hired is a single adverse employment action). However, this time-barred conduct may still be offered as evidence of discriminatory intent to support timely claims. *See Morgan,* 536 U.S. at 113 ("Nor does the statute bar an employee from using prior acts as background evidence to support a timely claim.").

The remaining alleged conduct – the overwhelming workload and the threatened consequences of not completing that work (a pay-cut and a refusal to write a recommendation for a tenure position) – occurred both inside and outside the limitations period. According to Towers, this conduct was based on her sex, and made her "work conditions unbearable in 2003 such that she had little choice but to consider leaving the field of physics." 2d Am. Compl. ¶ 110. As such, Towers has described an environment that a reasonable person could find "hostile or abusive." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993) ("[W]hether an environment is "hostile" or "abusive" can be determined only by looking at all the circumstances," including whether the conduct "unreasonably interferes with an employee's work performance."); *see also, e.g.*, *Raniola v. Bratton*, 243 F.3d 610, 622-623 (2d Cir. 2001) (reversing district court's dismissal of hostile work environment claim where circumstances surrounding "inordinately high work quotas" supported an inference of hostile work environment motivated by plaintiff's sex). Therefore, Towers has stated a hostile work environment claim. *See Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (the hostile work environment is one that a "reasonable person would find hostile or abusive.'"). Because some of the acts contributing to the hostile work environment occurred within the filing period (i.e., after June 12, 2003), "the entire time period of the hostile environment may be

considered by a court for the purposes of determining liability." *Morgan*, 536 U.S. at 117.

**C.**

As for the the Research Foundation's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1),[3] Towers exhausted her administrative remedies by presenting the factual underpinnings of her hostile work environment claim in her EEOC complaint. *See Williams v. New York City Housing Authority*, 458 F. 3d 67, 71 (2d Cir. 2006) ("[B]ecause the factual underpinnings of a gender discrimination claim were presented in a complaint made to the EEOC, it was error to dismiss [the] claim for failure to exhaust . . . administrative remedies."); *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 458-459 (S.D.N.Y. 1998) ("[I]t is substance of the charge and not its label that controls."). Specifically, Towers alleged in her EEOC complaint that SUNY "has manufactured a scenario whereby it will be very difficult for [her] to continue in the field at a level commensurate with [her] skills and education level," through excessive "workload demands" that she was "habitually expected to perform," "threats of loss of a recommendation" if she took maternity leave, and exclusion from participation "in activities that would have aided in advancing [her] career." SUNY Decl. of Rebecca Embry, Ex. 2 (EEOC Compl.). Based on these experiences, Towers claimed that she was "systematically discriminated against." *Id.*

Moreover, these claims survive against the Research Foundation despite Towers' failure to name the Research Foundation in the EEOC complaint. Although "a prerequisite to

---

[3]Although framed as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the motion is properly construed as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Francis v. City of New York,* 235 F.3d 763, 768 (2d Cir. 2000) ("Presentation of a Title VII claim to the EEOC is not a jurisdictional prerequisite, but only a precondition to bringing a Title VII action." (citation and internal quotation marks omitted)); *Crespo v. New York City Transit Authority*, 2002 WL 398805, at *5 (E.D.N.Y. Jan. 7, 2002) ("Failure to comply with [the exhaustion] requirement, . . .will not divest a federal court of subject matter jurisdiction over the unexhausted claim, [but] a defendant can insist on compliance with the exhaustion requirement by moving to dismiss the unexhausted claim pursuant to Rule 12(b)(6)." (citing *Francis*)).

5

commencing a Title VII action against a defendant is the filing with the EEOC or authorized state agency of a complaint naming the defendant," 42 U.S.C. § 2000e-5(e), courts allow an exception to this "prerequisite" where there is an "identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991) (citation omitted). Here, Towers alleges facts which, if true, support the conclusion that the "identity of interest" exception applies. *See Zhao v. State University of N.Y.,* 472 F. Supp. 2d 289, 305 -306 (E.D.N.Y. 2007) (finding that the "identity of interest" exception applied because of the "close, intertwined relationship between" SUNY and the Research Foundation."); *Fox v. City University of New York, et. al.*, 1998 WL 273049, at *5 (S.D.N.Y. May 27, 1998) (in context of a summary judgment motion, whether CUNY and the Research Foundation shared an "identity of interest" was an issue of fact).

## D.

In sum, Towers has stated Title VII claims under a disparate treatment theory for the pay-cut and the denial of her contract renewal; she has also stated a Title VII claim under a hostile work environment theory for the unreasonable workload she was assigned and accompanying threats of adverse consequences were she not to complete that work. Although untimely, the poor recommendation and denial of maternity leave may be considered with respect to both claims as background evidence of discriminatory intent.

## Title IX

The Second Circuit has not decided whether a plaintiff who has a Title VII claim may also bring a private employment discrimination claim for money damages under Title IX. *See Torres v. Pisano*, 116 F.3d 625, 630 n. 3 (2d Cir. 1997). Many courts that have considered the issue, however, agree that Title IX was not intended to enable employees of educational institutions

complaining of gender discrimination to bypass the remedial scheme Congress established in Title VII. *See*, *e.g.*, *Waid v. Merrill Area Public Schools*, 91 F.3d 857, 861-62 (7th Cir. 1996); *Lakoski v. James*, 66 F.3d 751, 753-54 (5th Cir. 1995); *Urie v. Yale University,* 331 F. Supp. 2d. 94, 97-98 (D. Conn. 2004); *Vega v. State University of New York Board of Trustees*, 2000 WL 381430, at *3 (S.D.N.Y. Apr. 13, 2000). As the court in *Vega* stated:

> [C]ourts have . . . offered two rationales for refusing to imply a private right of action for an aggrieved employee under Title IX. First, courts have considered that an implied private right of action for damages under Title IX for employment discrimination would disrupt the carefully balanced remedial scheme of Title VII. In a related line of analysis, courts have reasoned that Title IX does not provide a private right of action for employment discrimination plaintiffs because, since Title VII predated Title IX, Congress intended Title VII to provide an exclusive avenue of relief except for remedies already in existence at the time of its enactment.

2000 WL 381430, at *3 (citing *Lakoski* and other cases).

Courts that hold otherwise urge that the Supreme Court's holdings in *Cannon v. University of Chicago*, 441 U.S. 677 (1979), *North Haven Bd. of Educ. v. Bell*, 456 U.S. 512 (1982), and *Franklin v. Gwinnet County Pub. Schs.*, 503 U.S. 60 (1992), compel the conclusion that employees of federally-funded educational institutions can sue for sex discrimination under Title IX. *See, e.g., Morris v. Fordham University,* 2004 WL 906248, *3 (S.D.N.Y. Apr. 28, 2004); *Henschke v. New York Hosp.-Cornell Med. Ctr.*, 821 F. Supp. 166, 172 (S.D.N.Y. Apr. 13, 1993). However, as the Fifth Circuit in *Lakoski* explained, this "jurisprudence calculus" is incorrect:

> [N]either *Cannon* nor *Bell* nor *Franklin* required the Court to address the relationship between Title VII and Title IX. Both *Cannon* and *Franklin* involved claims of prospective or current *students* at federally funded educational institutions; neither involved a claim of employment discrimination by an employee of those schools. *Bell* addressed Title IX's prohibition of employment discrimination in a challenge to the validity of administrative regulations terminating federal funding of educational institutions that discriminated on the basis of sex in their employment practices. *Bell* was not a claim by

7

> an individual for money damages for discrimination. In *Bell*, unlike here, a private remedy for aggrieved employees under Title VII did not affect, much less undermine, the validity of regulations for terminating federal funding.

*Lakoski*, 66 F.3d at 754.

The Court agrees with those courts that have held that Title IX cannot be used to circumvent the remedial scheme of Title VII. Accordingly, Towers' Title IX claims are dismissed.

## FLSA

The Research Foundation's motion to dismiss the FLSA claim is denied. Section 213 of the FLSA exempts employees who work "in a professional capacity" from the minimum wage and maximum hour requirements of the Act, 29 U.S.C. § 213(a)(1); this exemption does not apply however to cases of sex discrimination. *See id*. § 213(a) (exemptions covered by § 213 do not apply to § 206(d)(1), which provides that "no employer having employees subject to any provisions of this section shall discriminate . . . on the basis of sex.").

## NYHRL

SUNY's motion to dismiss the NYHRL claims as barred by the Eleventh Amendment is granted. *See In re 995 Fifth Ave. Associates*, L.P., 963 F.2d 503, 507 (2d Cir. 1992) (Under the Eleventh Amendment, a state or state agency may not be sued in federal court unless the state waives this immunity); *see also Jacobs v. SUNY at Buffalo School of Medicine*, 204 F. Supp. 2d 586, 593 (W.D.N.Y. 2002) (NYHRL claim against SUNY dismissed as barred by the Eleventh Amendment). However, the Research Foundation's motion to dismiss these claims is denied for the same reasons set forth in Subsection I (Title VII claims). *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 217 (2d Cir. 2005) (analyzing NYSHRL claims using the same analytic framework used in Title VII cases).

## CONCLUSION

The Court grants defendants' motions to dismiss Towers' Title VII claims with respect to the disparate-treatment claims involving the issuance of her poor recommendation and the denial of her maternity leave, but denies it in all other respects; accordingly, Towers may pursue disparate-treatment claims involving her pay-cut and the denial of her contract renewal, as well as a hostile-environment claim involving the unreasonable workload she was assigned and accompanying threats of adverse consequences.

Defendants' motions to dismiss the Title IX claims are granted. SUNY's motion to dismiss the NYHRL claims is granted, but the Research Foundation's motion to dismiss those claims is denied. The Research Foundation's motion to dismiss the FLSA claims is also denied.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 21, 2007